# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DANIEL HARRINGTON, an individual,
PAMELA HARRINGTON, an individual,
NIGHTWATCH MARINE, LLC, a
Nevada limited liability company,

    Plaintiffs,

v.

DAVID TACKETT, an individual,

    Defendant.

Case No.: 3:18-cv-00028-WGC

**Order**

Re: ECF No. 54

Before the court is defendant David Tackett's Motion for Leave to File Declaration of David Tackett Under Seal. The motion, supporting affidavit of Plaintiff's counsel, Jeffrey B. Setness, Esq., and Tackett declaration were all filed under seal together and docketed by the clerk as ECF No. 54.

## **I. BACKGROUND**

In this action, Plaintiffs have sued Tackett for, *inter alia*, breach of contract, stemming from an agreement the parties entered into for the purchase and sale of 130,000 pounds of turquoise ore. Plaintiffs allege that they agreed to sell Tackett the turquoise ore in exchange for the immediate payment of $300,000 and $20 per pound for any future sales of the turquoise ore.

Early on in the litigation, Tackett's former counsel, Jeremy Clarke, Esq., represented to Plaintiffs' former counsel, Kenneth Ching, Esq., that Tackett had an audio recording of the conversation where the parties entered into the agreement, and it favored his client's position. Plaintiffs requested the recording in written discovery, and contrary to Mr. Clarke's earlier representation, the discovery response stated that Tackett did not have an audio recording in his

possession, custody or control. In light of this discrepancy, Mr. Ching contacted Mr. Clarke to meet and confer, and Mr. Clarke represented that Tackett had recently told him the recording was either damaged or inaudible, but he would ask him to produce it again. Plaintiffs filed a motion for sanctions when the recording was not produced. The motion for sanctions includes a request for default judgment being entered against Tackett or an instruction to the jury that the contents of the recording were unfavorable to Tackett, as well as reasonable attorney's fees.

Tackett seeks leave to file his declaration under seal in connection with Tackett's response to Plaintiffs' motion for sanctions. Neither the declaration nor the motion and Setness' supporting affidavit were served on Plaintiffs. Tackett maintains that the declaration should be sealed and there is good cause for not serving it on Plaintiffs because it contains attorney-client privileged communications.

## **II. DISCUSSION**

Local Rule 10-5 governs sealed documents and provides that papers filed under seal must be accompanied by a motion for leave to file them under seal, and will remain sealed until the court either denies the motion to seal or enters an order unsealing them. LR IA 10-5(a). A document filed under seal must also be accompanied by a certificate of service certifying that the sealed document was served on the opposing parties/attorneys in accordance with LR 1C 4-1(c), or an affidavit showing good cause why the document was not served on the opposing parties/attorneys. LR IA 10-5(c), (d).

As was noted above, Tackett filed the motion for leave to file the declaration under seal, supporting affidavit of Mr. Setness stating that the declaration was not served on Plaintiffs' current counsel because it contains attorney-client privileged communications, as well as the Tackett declaration in one document that was docketed by the Clerk as ECF No. 54 and sealed.

| | |
|---|---|
| 1 | Typically, parties in federal court file a motion for leave to file a document under seal separate from the document filed under seal such that even when the document sought to be filed under seal is not served on the other parties/attorneys, the motion for leave to file under seal and any supporting documentation is served on the opposing parties/attorneys. The court acknowledges that the Local Rule does not clearly set out this procedure, which explains why Plaintiffs were not served with either the motion for leave to file the declaration under seal or the declaration. Nevertheless, the court finds Tackett set forth good cause for not serving the declaration on Plaintiffs' counsel under LR 1A 10-5(c) by stating that the declaration contains attorney-client privileged communications, and Plaintiffs were nevertheless able to respond to the substance of the motion in their reply brief. |

The court will now address whether leave should be granted to file the declaration under seal.

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation omitted). "'Throughout our history, the open courtroom has been a fundamental feature of the American judicial system. Basic principles have emerged to guide judicial discretion respecting public access to judicial proceedings. These principles apply as well to the determination of whether to permit access to information contained in court documents because court records often provide important, sometimes the only, bases or explanations for a court's decision.'" *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983)).

3

Documents that have been traditionally kept secret, including grand jury transcripts and warrant materials in a pre-indictment investigation, come within an exception to the general right of public access. *See Kamakana*, 447 F.3d at 1178. Otherwise, "a strong presumption in favor of access is the starting point." *Id*. (internal quotation marks and citation omitted). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016), *cert. denied*, 137 S.Ct. 38 (Oct. 3, 2016) (quoting *United States v. Amodeo (Amodeo II)*, 71 F.3d 1044, 1048 (2nd Cir. 1995); *Valley Broad Co. v. U.S. Dist. Ct., D. Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986)).

There are two possible standards a party must address when it seeks to file a document under seal: the compelling reasons standard or the good cause standard. *Center for Auto Safety*, 809 F.3d at 1096-97. Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Id*. (quoting *Kamakana*, 447 F.3d at 1179). The court must "'conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret.'" *Id*. "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id*. (quoting *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 599 (1978)). "Examples include when a court record might be used to 'gratify private spite or promote public scandal,' to circulate 'libelous' statements, or 'as sources of business information that might harm a litigant's competitive standing.'" *Id*.

The good cause standard, on the other hand, is the exception to public access that has been typically applied to "sealed materials attached to a discovery motion unrelated to the merits of the

case." *Id*. (citation omitted). "The 'good cause language comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process: The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id*.

The Ninth Circuit has clarified that the key in determining which standard to apply is whether the documents proposed for sealing accompany a motion that is "more than tangentially related to the merits of a case." *Center for Auto Safety*, 809 F.3d at 1101. If that is the case, the compelling reasons standard is applied. If not, the good cause standard is applied.

Attorney-client communications likely come within the category of documents that are "traditionally kept secret" and to which there is no public right of access. Even if that were not true, Tackett seeks leave to file his declaration under seal in connection with a response to a motion for sanctions based on Tackett's failure to produce an audio recording requested in discovery. This is only tangentially related to the merits of the case; therefore, the good cause standard applies.

The court has reviewed the declaration submitted by Tackett and finds, without disclosing the substance of the communications, that the declaration contains attorney-client privileged communications that are relevant to Tackett's argument in response to the motion for sanctions. As a result, the court finds that good cause exists for sealing the declaration (ECF No. 54 at 6-7).

The motion itself, the affidavit of Mr. Setness, proposed order and certificate of service (ECF No. 54 at 1-5), however, should not remain sealed, as good cause does not exist for sealing those documents which do not reveal any privileged communications.

### **III. CONCLUSION**

The motion for leave to file the Tackett declaration under seal (ECF No. 54) is **GRANTED**. ECF No. 54 shall remain sealed; however, the Clerk's office shall extract the motion, Setness

5

affidavit, proposed order and certificate of service (ECF No. 54 at 1-5) and docket those items unsealed next in order on the court's docket.

**IT IS SO ORDERED**.

Dated: July 2, 2019.

_William G. Cobb_
William G. Cobb
United States Magistrate Judge