UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL HARRINGTON, an individual, PAMELLA HARRINGTON, an individual And NIGHTWATCH MARINE, LLC, a Nevada limited liability company,<br><br>    Plaintiffs<br><br>v.<br><br>DAVID TACKETT,<br>an individual,<br><br>    Defendant | Case No.: 3:18-cv-00028-WGC<br><br>**Order**<br><br>Re: ECF No. 105 |

Before the court is Plaintiffs' Motion to Strike David Tackett's Opposition to Plaintiffs' Motion for Partial Summary Judgment. (ECF No. 105.) Tackett filed a response. (ECF No. 107.) Plaintiffs filed a reply. (ECF No. 108.)

## **I. BACKGROUND**

Plaintiffs filed their complaint in January of 2018. (ECF No. 1.) The second amended complaint (SAC) is now the operative complaint. Plaintiffs assert claims for breach of contract, unjust enrichment (in the alternative), conversion and fraud/intentional misrepresentation against David Tackett. The claims arise from an alleged contract the parties entered into for Tackett to purchase 130,000 pounds of turquoise ore from the Harringtons, who subsequently assigned their rights to their wholly-owned limited liability company, Nightwatch Marine. (ECF No. 100.)

This case was briefly consolidated for limited purposes with another case involving a dispute involving turquoise ore, the No. 8 Mine case, 3:18-cv-00104-WGC. The adverse parties

in the No. 8 Mine case are collectively referred to as the Eljen parties. In this Order, the court will refer to this case as the "Harrington" case, and that case as the "No. 8 Mine" case.

Tackett was initially represented by Nathan Aman, Esq. and Jeremy Clarke, Esq. Mr. Aman and Mr. Clarke moved to withdraw as counsel on December 28, 2018. (ECF No. 33.) The court granted the motion on February 4, 2019, and then stayed the case for 30 days to allow Tackett to find replacement counsel. (ECF No. 46.) This also necessitated continuance of the scheduling order deadlines.

At a status conference on March 6, 2019, Jeffrey Blaine Setness, Esq., indicated he would be filing a notice of appearance on behalf of Tackett. The court lifted the stay, and extended the scheduling order deadlines. (ECF No. 52.) The parties subsequently stipulated to another extension of the scheduling order deadlines, which the court approved. (ECF Nos. 74, 75.)

Mr. Setness filed a motion to withdraw as counsel on September 13, 2019. (ECF No. 78.) At a hearing on October 4, 2019, the court granted the motion. The court gave Tackett until November 4, 2019, to secure substitute counsel. The court also extended the discovery cutoff as well as the dispositive motions deadline. (ECF No. 83.)

On November 12, 2019, Stephen M. Dixon, Esq., appeared on behalf of Tackett. (ECF No. 90.) The court set a status conference for December 6, 2019 (ECF No. 91), and Mr. Dixon moved to withdraw on December 5, 2019. (ECF No. 92.) The scheduling order deadlines were extended again (ECF No. 94), and the court granted Mr. Dixon's motion to withdraw. (ECF No. 96.)

Mitchell L. Posin, Esq., who is Tackett's current counsel, entered a notice of appearance on February 9, 2020. (ECF No. 99.)

Plaintiffs' SAC was filed on February 10, 2020. (ECF No. 100.) Mr. Posin filed an answer to the SAC on behalf of Tackett on March 2, 2020. (ECF No. 101.)

On March 31, 2020, Plaintiffs filed a motion for partial summary judgment as to the breach of contract and fraud/intentional misrepresentation claims of the SAC, which was served on Tackett through Mr. Posin using the court's electronic filing system, CM/ECF. (ECF No. 102.)

Under Local Rule 7-2(b), the deadline to file and serve any points and authorities in response to a motion for summary judgment is 21 days after service of the motion. Therefore, Tackett's response was due on or before April 21, 2020.

Tackett did not timely file a response. On April 24, 2020, Plaintiffs filed a notice of non-opposition to the motion for partial summary judgment that was also served on Tackett through Mr. Posin using CM/ECF. (ECF No. 103.)

On May 29, 2020, over a month after the response was due, and more than a month after Plaintiffs filed the notice that no response had been filed, Mr. Posin filed Tackett's response to the motion for partial summary judgment. (ECF No. 104.) The response is silent about its untimeliness, and was not preceded by or accompanied with a motion for an extension of time to file the response.

Plaintiffs have moved to strike the untimely response. (ECF No. 105.)

Tackett argues that the response should not be stricken because it was belatedly filed due to excusable neglect on the part of Mr. Posin. (ECF No. 107.)

## II. LEGAL STANDARD

**A. Motion to Strike**

While Federal Rule of Civil Procedure 12(f) provides authority for the court to strike "redundant, immaterial, impertinent, or scandalous matter" from a *pleading*, it does not authorize the court to strike material contained in other documents filed with the court. *See* Fed. R. Civ. P. 12(f). Courts, however, have inherent powers to control their dockets, *see Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (citations omitted), and to "achieve the orderly and expeditious disposition of cases." *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43 (1991). "This includes the power to strike items from the docket as a sanction for litigation conduct." *Ready*, 627 F.3d at 404 (citations omitted); *see also Wallace v. U.S.A.A. Life General Agency, Inc.*, 862 F.Supp.2d 1062, 1068 (D. Nev. 2012) (citing *Ready*, 627 F.3d at 404). "Such power is indispensable to the court's ability to enforce its orders, manage its docket, and regulate insubordinate...conduct." *Id*. (citing *Mazzeo v. Gibbons*, No. 2:08-cv-01387-RLH-PAL, 2010 WL 3910072, at * 2 (D. Nev. Sept. 30, 2010)).

**B. Rule 6(b)**

"When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1) (emphasis added). Local Rule IA 6-1 similarly provides that a request for an extension made *after the expiration of the applicable time period* "will not be granted unless the movant or attorney demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect." LR IA 6-1(a).

"The court's power to extend time under Rule 6(b) will be employed to achieve 'the just, speedy, and inexpensive determination of every action' as required by Rule 1." 4B Wright & Miller, Federal Practice and Procedure § 1165 (4th ed.) (citing Fed. R. Civ. P. 1).

In *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993), the Supreme Court considered the meaning of "excusable neglect" in the context of Federal Rule of Bankruptcy Procedure 9006(b)(1), which the Court noted was patterned after Federal Rule of Civil Procedure 6(b), and like Rule 6(b), empowers courts to permit a late filing if the failure to comply with the earlier deadline was the result of excusable neglect. *Pioneer*, 507 U.S. at 382, 391. The Court noted:

> There is, of course, a range of possible explanations for a party's failure to comply with a court-ordered filing deadline. At one end of the spectrum, a party may be prevented from complying by forces beyond its control, such as by an act of God or unforeseeable human intervention. At the other, a party simply may choose to flout a deadline. In between lie cases where a party may *choose* to miss a deadline although for a very good reason, such as to render first aid to an accident victim discovered on the way to the courthouse, as well as cases where a party misses a deadline through inadvertence, miscalculation, or negligence.

*Pioneer*, 507 U.S. at 387-88 (emphasis original).

The Court rejected the respondents' argument that "any showing of fault on the part of the late filer would default a claim of 'excusable neglect,'" noting that the rule "grants a reprieve to out-of-time filings that were delayed by 'neglect'" which "encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness". *Id.* at 388. Instead, courts are "permitted, *where appropriate*, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond a party's control." *Id.* (emphasis added). The Court went on to state that "inadvertence, ignorance of the rules, or mistakes construing the rules *do not usually* constitute 'excusable neglect, [but] it is clear that 'excusable

5

neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id*. at 392 (emphasis added, citations omitted).

The neglect must be "excusable." *Id*. at 395. "It is this requirement that we believe will deter [parties] from freely ignoring court-ordered deadlines in the hopes of winning a permissive reprieve under [Rule 6(b)]." *Id.*

The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* The relevant factors include: 1) the danger of prejudice to the opposing party, 2) the length of the delay and its potential impact of judicial proceedings, 3) the reason for the delay, and 4) whether the movant acted in good faith. *Id.* (citation omitted); *see also Ahancian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (applying these factors to determining "excusable neglect" under Rule 6(b), and citing *Pioneer*, 507 U.S. at 395 and *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997)).

The Supreme Court also confirmed that clients "must be held accountable for the acts and omissions of their attorneys." *Id.* at 396 (citation omitted). The Court rejected the respondents' contention that the client should not be penalized for the omissions of his attorney, explaining that the client "'voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent.'" *Id.* at 397 (quoting *Link v. Wabash R. Co.,* 370 U.S. 626, 633-34 (1962)).

### III. DISCUSSION

Preliminarily, under Rule 6(b)(1)(B) and Local Rule IA 6-1(a), the court can grant an extension of time for good cause after the deadline has passed *on motion* when the party seeking the extension has demonstrated *excusable neglect*.

First, when Tackett filed his response to the motion for partial summary judgment, it was over a month late and did not even acknowledge its untimeliness. He did not file a motion seeking an extension of time to file the response, but instead, only presented an argument that he should be granted an extension in response to Plaintiffs' motion to strike the response. In that regard, Tackett's request for an extension in his response to the motion to strike is deficient.

Second, even construing the response to the motion to strike and Mr. Posin's declaration as sufficient to request to extend the time to file the response under Rule 6(b)(1)(B), the court does not find a sufficient demonstration of excusable neglect.

Turning to the factors outlined in *Pioneer*, Plaintiffs suffered prejudice in that they did not receive the response to their motion until over a month after it was due. The response contained no explanation for the delay, and no motion for an extension. Plaintiffs then had to expend further effort and incur the additional expense of moving to strike the response. This resulted in a delay in having their motion for partial summary judgment resolved. Coupled with the fact that there have already been numerous delays in this case attributable to Plaintiffs' attorneys withdrawing from the case, there can be no question that Plaintiffs have been prejudiced as a result of Tackett's dilatory conduct.

Next, the court will address the length of delay and impact on judicial proceedings. Tackett's response to the motion for partial summary judgment was filed more than a month after the response was due, and importantly, this was also more than a month after Plaintiffs filed their

notice of non-opposition which alerted Mr. Posin that a response had not been filed. The court finds that length of delay here was not insignificant. As will be discussed further below, Mr. Posin's omissions have also had an adverse impact on judicial proceedings.

As for the reason for the delay, Mr. Posin includes a declaration in the response to the motion to strike stating that he received notice through CM/ECF of his client's obligation to pay fees to the Eljen parties as well as of a motion to compel; at the time of these filings, he was in the process of transferring his practice to his home office due to the Coronavirus pandemic; and, his inadvertence was not due to any failings on the part of Mr. Tackett. (ECF No. 107 at 6.)

Preliminarily, in the declaration, Mr. Posin states that he is counsel for No. 8 Mine, LLC and David Tackett even though No. 8 Mine, LLC is not a party in this case. In addition, the declaration states that Mr. Posin received notice through CM/ECF of his client's obligation to pay fees to the Eljen parties as well as a notice of a motion to compel, which both arose in the No. 8 Mine case and not the Harrington case. Further discussion of the events that occurred in the No. 8 Mine case after Mr. Posin entered his appearance is relevant to the court's inquiry regarding the reason for the delay, impact on judicial proceedings and the good faith factors in the Harrington case.

Mr. Posin also entered an appearance on behalf of Tackett and No. 8 Mine in the No. 8 Mine case on February 9, 2012. (3:18-cv-00104-WGC, ECF No. 140.) The next day, Mr. Posin appeared for a telephonic hearing in the No. 8 Mine case, where the court discussed with Mr. Posin Tackett's/No. 8 Mine's overdue response to a motion to compel (ECF No. 136 in 3:18-cv-00104-WGC) in the No. 8 Mine case, and counsel for the moving party agreed to give Mr. Posin until Friday, February 14, 2020, to file a response. Mr. Posin was also given an extension of time to respond to an outstanding motion for partial summary judgment in the No. 8

Mine case (ECF No. 137 in 3:18-cv-00104-WGC). (3:18-cv-00104, Minutes of 2/10/20 hearing at ECF No. 141.)  Despite being specifically alerted to the motion to compel, and being given an extension of time to file a response, Mr. Posin did not file a response to the motion to compel in the No. 8 Mine case. (*See* Notice of Non-Opposition at ECF No. 142 in 3:18-cv-00104-WGC.) The court granted the motion to compel, and gave No. 8 Mine/Tackett until February 28, 2020, to file a response to the request for attorney's fees incurred in connection with the motion to compel. (ECF No. 143 in 3:18-cv-00104-WGC.)

While Mr. Posin did file a response to the motion for partial summary judgment in the No. 8 Mine case (ECF No. 144 in 3:18-cv-00104-WGC), he failed to file a response to the request for attorney's fees incurred on the motion to compel. (*See* Notice of Non-Opposition at ECF No. 147 in 3:18-cv-00104-WGC.) On March 5, 2020, the court ordered Tackett/No. 8 Mine to reimburse the Eljen parties in the sum of $1,721.68 by close of business on March 31, 2020. (ECF No. 148 in 3:18-cv-00104-WGC.)

Tackett/No. 8 Mine failed to pay the Eljen parties the amount ordered by the court by March 31, 2020; however, on that date, Mr. Posin *did* file a stipulation and proposed order to continue the dispositive motions deadline and the deadline to file the joint pretrial order in the No. 8 Mine case due to the Coronavirus pandemic, which the court approved. (ECF Nos. 150, 151 in 3:18-cv-00104-WGC.) This is relevant to the current inquiry because March 31, 2020, was also the day the Harringtons filed their motion for partial summary judgment. Since Mr. Posin filed a stipulation in the No. 8 Mine case through CM/ECF on that day, any argument that he was somehow unaware of the filing of the motion for partial summary judgment filed in the Harrington case *on the same day* because he was in the process of moving his office home due to the pandemic lacks credibility.

Tackett's/No. 8 Mine's failure to pay the Eljen parties the amount ordered by the court necessitated the filing of a motion for an order to show cause and for sanctions by the Eljen parties. (ECF No. 152 in 3:18-cv-00104-WGC.) The court issued an order to show cause as to why sanctions should not be issued, including dismissal, and gave Tackett/No. 8 Mine until April 27, 2020, to file a response. (ECF No. 154 in 3:18-cv-00104-WGC.)

Tackett/No. 8 Mine failed to file a response to the order to show cause (*see* ECF No. 158 in 3:18-cv-00104-WGC), but Mr. Posin did manage to file a motion for partial summary judgment on behalf of Tackett/No. 8 Mine days after the deadline, on May 5, 2020. (ECF No. 157 in 3:18-cv-00104-WGC.) This filing was also done shortly after he was served with the notice that no opposition had been filed to the motion for partial summary judgment in the Harrington case.

The Eljen parties had also filed a second motion to compel, which Tackett/No. 8 Mine also failed to oppose. (ECF Nos. 153, 155 in 3:18-cv-00104-WGC.)

On May 7, 2020, the court issued an order in the No. 8 Mine case, granting the Eljen parties' second motion to compel; dismissing No. 8 Mine's second amended complaint and Tackett's counterclaim and striking No. 8 Mine's/Tackett's answer to the Eljen parties' first amended counterclaim/third party claim as a sanction under Federal Rule of Civil Procedure 37, Local Rule IA 11-8, and the court's inherent power; and, denied the outstanding motions for partial summary judgment as moot. In that order, the court noted that it had devoted countless hours in attempting to get No. 8 Mine/Tackett to fulfill their obligations under the rules. The court also pointed out that the risk of prejudice to the Eljen parties was clear: "If sanctions are not administered, the Eljen parties will continue to have to needlessly spend time moving to compel No. 8 Mine/Tackett to respond to discovery, to respond to orders compelling discovery,

and to otherwise comply with the rules." (ECF No. 160 in 3:18-cv-00104-WGC.) This applies equally here: Tackett and his counsel, Mr. Posin, have continued to ignore the rules, which has delayed this action and caused the Plaintiffs to incur unnecessary expense.

The court ordered the Eljen parties to file a document identifying the counterclaims/third party claims against No. 8 Mine/Tackett on which they wished to proceed to judgment, and to specify the amount of damages they claim to have suffered as a result with supporting evidence, and gave No. 8 Mine/Tackett until June 5, 2020 to file a response. (*Id.*) The Eljen parties filed a motion for attorney's fees as well as their motion for judgment for damages and other relief on May 22, 2020. (ECF Nos. 162-168 in 3:18-cv-00104-WGC.) No response was filed to the motion for attorney's fees. (*See* Notice of Non-Opposition at ECF No. 170 in 3:18-cv-00104-WGC.)

Mr. Posin filed did file a response to the motion for judgment, but it was filed two days late, and the following day, June 8, 2020, he filed a motion for late filing under Rule 6, and for relief under Rules 6 and 60(B), which remains pending before the court. (ECF No. 169 in 3:18-cv-00104-WGC.)

This is relevant to the court's inquiry here because in his declaration in support of that motion, Mr. Posin states: that he is counsel for No. 8 Mine, LLC, and David Tackett; that he received notice through CM/ECF of his client's obligation to pay fees to the Eljen parties, as well as for the motion to compel; at the time of the above filings, he was in the process of transferring his practice to his home office due to the coronavirus pandemic; and through inadvertence, he failed to notice the above ECF filings, and did not promptly notify his clients of the deadlines; and, his inadvertence was not due to any failings on the part of Mr. Tackett. (ECF No. 169 at 6 in 3:18-cv-00104-WGC.)

Mr. Posin appears to have copied and pasted much of this into the declaration filed in the Harrington case; however, the declaration Mr. Posin filed in the Harrington case does not even refer to the motion for partial summary judgment that is at issue. Therefore, Mr. Posin has not asserted an excuse for failing to file a timely response to Plaintiffs' motion for partial summary judgment in the Harrington case.

The court will assume that Mr. Posin is claiming that the reason for the belated filing of the response to the motion for partial summary judgment in the Harrington case is also that he was in the process of moving his practice to his home office due to the Coronavirus pandemic. There is no doubt that the global pandemic related to COVID-19 has caused major disruption all over the world, but Mr. Posin provides no facts or elaboration as to how moving his practice to his home office led to his failure to file a timely response to this motion. If transferring his practice to his home office was causing disruption of his ability to manage his cases, he could have sought an extension of the deadline to file a response, as so many other attorneys did in the initial weeks and months of the pandemic, and which the court routinely granted. Mr. Posin does not state that he did not receive notice of the motion for partial summary judgment when it was filed on March 31, 2020. Even if that were his contention, it is unclear how he would not have known about the obligation to respond to the motion for partial summary judgment in the Harrington case, when it was filed through CM/ECF on the same day that he was using CM/ECF to file a stipulation in the No. 8 Mine case.

Even if Mr. Posin somehow missed the filing of the motion for partial summary judgment, he provides no explanation for the fact that he still waited a month to file a response after he was served with Plaintiffs' notice that no opposition had been filed.

1    Moreover, Mr. Posin seems to have filed documents and responses when it suited him
2 during the time period he claims to have been moving his office. This includes a stipulation to
3 extend scheduling order deadlines and a motion for partial summary judgment in the No. 8 Mine
4 case that he filed shortly after he received notice that he failed to file a response to Plaintiffs'
5 motion for partial summary judgment in the Harrington case. This cuts against any argument that
6 Mr. Posin was somehow unable to avail himself of CM/ECF and its deadlines while moving his
7 practice to his home office due to the pandemic. It is also notable that in assessing the culpability
8 of counsel in *Pioneer*, the court gave "little weight to the fact that counsel was experiencing
9 upheaval in his law practice" during the relevant time. *Id.* at 398.

10    Mr. Posin does not provide an adequate explanation for the belated filing of the response,
11 and it is clear that his omissions have caused an adverse impact on the proceedings in this action.

12    A review of the record in both the Harrington and No. 8 Mine cases reveals a number of
13 filing deadlines Mr. Posin flouted, and that he was using the CM/ECF system on the same day
14 the motion for partial summary judgment was filed in this case and thereafter, which suggests at
15 the very least a careless disregard of the rules of the court as well as for the opposing party, and
16 given the number of omissions in both cases, approaches bad faith.

17    On balance, the court finds that the factors weigh against finding excusable neglect. The
18 delay was significant and it prejudiced the Harringtons. Mr. Posin did not give a persuasive
19 justification for missing the filing deadline, and he has a track record for ignoring filing
20 deadlines in this and the No. 8 Mine case which have significantly impeded the court's ability to
21 "secure the just, speedy, and inexpensive determination" of this action.

22    Therefore, the Harrington's motion to strike the untimely response will be granted.

23

## IV. CONCLUSION

Plaintiffs' motion to strike Tackett's opposition to Plaintiffs' motion for partial summary judgment (ECF No. 105) is **GRANTED.** The Clerk shall **STRIKE** the response (ECF No. 104).

The court will issue a separate order on Plaintiffs' motion for partial summary judgment.

**IT IS SO ORDERED**.

Dated: September 4, 2020

                                                    _____
                                                    William G. Cobb
                                                    United States Magistrate Judge