# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL HARRINGTON,<br>PAMELLA HARRINGTON,<br>NIGHTWATCH MARINE, LLC,<br><br>Plaintiffs<br><br>v.<br><br>DAVID TACKETT,<br><br>Defendant | Case No.: 3:18-cv-00028-WGC<br><br>**Order**<br><br>Re: ECF No. 125 |

On September 25, 2020, the court issued an order that defendant David Tackett and his counsel, Mitchell Posin, Esq., show cause why they should not be sanctioned for filing a baseless motion to hold the Plaintiffs in contempt. (Order to Show Cause at ECF No. 125.) The court received briefing and held a hearing on the matter on December 4, 2020, and issues this Order imposing sanctions against Mr. Tackett and Mr. Posin pursuant to the court's inherent power for recklessly filing an improper and baseless motion which needlessly multiplied these proceedings.

## I. BACKGROUND

The second amended complaint (SAC) alleges that Plaintiffs entered into an agreement with Tackett whereby Tackett would purchase from them approximately 130,000 pounds of No. 8 mine turquoise ore. They aver that Tackett took the turquoise ore, but did not pay them the agreed upon amount. Plaintiffs asserted claims for breach of contract, unjust enrichment (in the alternative), conversion, and fraud/intentional misrepresentation. (ECF No. 100.)

Shortly after this action was filed, No. 8 Mine, LLC (a limited liability company owned by Tackett), filed a complaint in State court which was removed to this court, against the Eljen

Group, LLC, Elven Jennings, Jack Elkins, Frank Lente, and Steve Harper (the Eljen parties):
case 3:18-cv-00104-WGC (the No. 8 Mine case). In that action, No. 8 Mine alleged that it
entered into an assignment agreement for the right to purchase approximately 280,000 pounds of
No. 8 turquoise. Initially, there was some question about overlap between the turquoise involved
in the No. 8 Mine case and the turquoise at issue in this case. The cases were briefly consolidated
for the limited purpose of taking discovery and filing dispositive motions on the issue of
ownership of the 130,000 pounds of turquoise that is the subject of this case. (ECF No. 70.) A
stipulation was subsequently filed that indicated the dispute over ownership of the 130,000
pounds of turquoise had been resolved. (ECF No. 86.)  The parties in both cases stipulated to a
global preliminary injunction that they not dispossess any of the No. 8 turquoise in dispute in
these cases pending further order of the court. (ECF Nos. 76, 77.)

The Plaintiffs in this case moved for partial summary judgment against Tackett as to the
breach of contract and fraud claims, and sought rescission under either theory. (ECF No. 102.)
The court granted the motion as to the breach of contract claim and denied it as to the fraud
claim, and found that Plaintiffs were entitled to rescission as a remedy for the breach of contract
claim. (ECF No. 124.) The court subsequently modified the order to reflect that the return of the
turquoise was to be at Tackett's expense. (ECF No. 133.)

After the motion for partial summary judgment was filed, but before the court ruled on it,
Plaintiffs filed a request for a status conference to discuss Tackett's compliance with the
preliminary injunction, expressing concern that Tackett may be dispossessing some of the No. 8
turquoise that was subject to the injunction. (ECF No. 109.) On July 14, 2020, the court denied
the request for a status conference, stating that the mere "concern" that Tackett may not be
complying with the preliminary injunction was an insufficient basis for convening a status

conference. The court advised Plaintiffs that if they wanted the court to embark on some kind of hearing to ascertain Tackett's suspected violation of the preliminary injunction, they would have to be more specific in advising the court of their concerns. (ECF No. 110.)

On August 19, 2020, Tackett, through his counsel, filed a motion for an order to show cause why Plaintiffs should not be held in contempt and for an accounting, stating that it was Plaintiffs, and not Tackett, that were not complying with the stipulated injunction. (ECF No. 111.) Tackett asserted that Daniel Harrington had been selling No. 8 turquoise on eBay under the seller name "Diggerdan." (*Id*. at 2:15-17.) Tackett claimed that he received an email from an individual named Jamie Lindeman on August 10, 2020, stating that he purchased No. 8 turquoise from Diggerdan on two occasions: July 3, 2018 and December 4, 2018. (*Id*. at 2:18-24.) Tackett represented that he had a conversation with Lindeman where Lindeman stated that the person using the name Diggerdan identified himself as being Dan Harrington. (*Id*. at 3:3-5.) Tackett further stated that eBay postings showed "voluminous postings of No. 8 turquoise by Diggerdan." (*Id*. at 3:8-9.) He indicated these postings were attached in Exhibit 2, but there was no Exhibit 2 to the motion.

Tackett went on to assert that the location for the user Diggerdan was at a mailbox located at 316 California Avenue in Reno, Nevada, which is the location of The Postal Depot, a business that rents private and business mailboxes. (*Id*. at 3:16-18.) Tackett represented that the Postal Depot confirmed over the phone that "Diggerdan LLC" rents that mailbox with them. (*Id*. at 3:18-20.) Tackett stated that screenshots taken from eBay show that Diggerdan continued to sell No. 8 turquoise. Again, these screenshots were supposed to have been included with Exhibit 2, but there was no Exhibit 2 included with the motion.

3

1    Based on the foregoing, Tackett claimed that there was "clear and convincing evidence"

2    that Dan Harrington was violating the stipulated preliminary injunction, and asked that he be

3    held in civil contempt, that monetary sanctions be imposed, and that Harrington be required to

4    provide a complete accounting of all transactions made with the turquoise subject to the

5    injunction, to compensate Plaintiff for unidentified "losses sustained" in an "amount to be

6    determined" and for reasonable attorney's fees. (*Id*. at 5-7.)

7    After being served with the motion, Plaintiffs promptly requested the issuance of a

8    subpoena for The Postal Depot, which the court granted. (ECF Nos. 112-116.) Plaintiffs then

9    filed a response to the motion for an order to show cause. (ECF Nos. 117, 117-1.) They argued

10   that Tackett's motion was not supported by any admissible evidence, let alone the clear and

11   convincing evidence Tackett claimed to have, and Mr. Harrington unequivocally denied under

12   oath all of the allegations contained in the motion. Specifically, Plaintiffs argued that the alleged

13   email from Lindeman describing transactions with Diggerdan (which was not authenticated by

14   Tackett) as well as the portion of Tackett's declaration summarizing the email are inadmissible

15   hearsay. In addition, the purported screenshots of communications between Lindeman and

16   Diggerdan were not authenticated and were also inadmissible hearsay. Tackett's summary of an

17   alleged conversation between Lindeman and Diggerdan where Diggerdan supposedly identified

18   himself as Dan Harrington is also inadmissible hearsay.

19   Moreover, even if the evidence were admissible, Plaintiffs argued that it would still not

20   establish that Mr. Harrington sold No. 8 turquoise in violation of the stipulated preliminary

21   injunction because the alleged sales to Lindeman were completed in 2018, which is *before* the

22   stipulated preliminary injunction was entered. While Tackett claimed that Diggerdan continued

23

1   to offer the No. 8 turquoise for sale on eBay, he failed to attach the referenced exhibits that

2   supposedly support that contention.

3         In his declaration, Mr. Harrington maintained that he had never used an eBay account

4   with the seller name of Diggerdan; he had never met or communicated with anyone by the name

5   of Jamie Lindeman; he had not sold or otherwise dispossessed any of the No. 8 turquoise subject

6   to the stipulated injunction; and, he had not owned or used a mailbox at The Postal Depot in

7   Reno. (ECF No. 117-1.)

8         In the supplement to their opposition, Plaintiffs included the response to their subpoena to

9   The Postal Depot, which indicates the subject mailbox is owned by Elven Jennings, a party to the

10   No. 8 Mine case, and he was apparently receiving packages at the mailbox addressed to

11   Diggerdan. (ECF Nos. 119, 119-1, 119-2.)

12         Tackett failed to file a reply in support of his motion, and so did not address or refute the

13   evidence presented by Plaintiffs in opposition to the motion. The motion also was not withdrawn.

14         On September 24, 2020, the court issued an order denying Tackett's motion. The court

15   found Tackett did not meet his burden of showing by clear and convincing evidence that

16   Plaintiffs violated the stipulated preliminary injunction. As Plaintiffs pointed out in their

17   opposition, all of the evidence Tackett relied on was inadmissible hearsay and was

18   unauthenticated. Moreover, the purported purchases made by Lindeman occurred *before* the

19   stipulated preliminary injunction was entered, and there was no evidence before the court that

20   Diggerdan had continued offering the No. 8 Mine turquoise for sale. Plaintiffs, on the other hand,

21   submitted admissible evidence that: Mr. Harrington does not use an eBay account associated

22   with Diggerdan; he has not sold or otherwise dispossessed turquoise subject to the stipulated

23

preliminary injunction; he does not maintain a mailbox at The Postal Depot; and, the subject mailbox at The Postal Depot was owned by Mr. Jennings, not Mr. Harrington. (ECF No. 123.)

On September 25, 2020, the court ordered Tackett and his counsel, Mr. Posin, to show cause why sanctions should not be imposed against them under Rule 11 of the Federal Rules of Civil Procedure and/or the court's inherent power for filing a baseless motion and willfully multiplying these proceedings. The court advised that sanctions may include the payment of attorney's fees incurred in having to respond to the baseless motion. (ECF No. 125.)

On October 9, 2020, Tackett, through his counsel, filed a response to the order to show cause. The response merely restates exactly what Tackett said in the motion, and relies on the same hearsay and unauthenticated evidence to support the filing of the motion. (ECF No. 128.) Tackett and Posin acknowledge that it turned out that Mr. Jennings is the owner of the mailbox at The Postal Depot, and not Mr. Harrington. They nevertheless maintain that sanctions are not appropriate because the Plaintiffs previously filed a document accusing Tackett of violating the stipulated preliminary injunction that was not supported by any factual assertions. (ECF No. 128, 128-1.)

Plaintiffs filed a brief in response, requesting that the court impose sanctions for the fees incurred in responding to the baseless motion in the amount of $8,033.55, which is supported by a declaration concerning the rates of the attorneys as well as detailed billing records. (ECF Nos. 131, 131-1, 131-2.)

The court afforded Mr. Tackett and Mr. Posin an opportunity to file a reply, but none was filed. (ECF No. 134.)

The court held a hearing on the order to show cause on December 4, 2020, where counsel appeared by Zoom videoconference.

1

2

3
## II. DISCUSSION

4    A federal district court has inherent authority to sanction conduct abusive of the judicial

5  process. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-46 (1991).

6    Before imposing sanctions under its inherent authority, a court must make an explicit

7  finding of bad faith or willful misconduct. *In re Dyer*, 322 F.3d 1178, 1196 (9th Cir. 2003); *see*

8  *also Fink v. Gomez*, 239 F.3d 989, 993-94 (9th Cir. 2001). Recklessness, when combined with an

9  additional factor such as frivolousness, harassment, or an improper purpose, may support

10  sanctions. *See In re Girardi,* 611 F.3d 1027, 1061 (9th Cir. 2010); *Gomez v. Vernon*, 255 F.3d

11  1118, 1134 (9th Cir. 2001); *Fink*, 239 F.3d at 994. Mere negligence or recklessness alone will

12  not suffice. *In re Lehtinen*, 564 F.3d 1052, 1058 (9th Cir. 2009). Thus, "sanctions are available if

13  the court specifically finds bad faith or conduct tantamount to bad faith." *Fink*, 239 F.3d at 994.

14    Mr. Posin acknowledged at the hearing that further investigation could have been done to

15  confirm Tackett's suspicion that Dan Harrington that was selling No. 8 turquoise on eBay using

16  the seller name Diggerdan. Mr. Posin likewise confirmed at the hearing that he did not pick up

17  the phone or send an email to Plaintiffs' counsel, Mr. Irvine, to confront him about Mr. Tackett's

18  suspicions before filing the motion to hold Plaintiffs in contempt.

19    The defense did not obtain a declaration from Mr. Lindeman attesting to the statements

20  Mr. Tackett attributed to him in the motion. At the hearing, Mr. Posin represented that such a

21  request was made to Mr. Lindeman, but Mr. Lindeman declined to participate. Perhaps it was at

22  this juncture that they should have decided not to file the motion. Nor was there a declaration

23  from the unidentified person at The Postal Depot that supposedly told Tackett that Diggerdan

owned the mailbox. Moreover, when they received the information about Diggerdan maintaining a mailbox at The Postal Depot, Plaintiffs quickly obtained and served a subpoena to ascertain the owner of the mailbox. Mr. Posin and Mr. Tackett could have just as easily sought a subpoena before filing the motion.

Importantly, when they received Plaintiffs' response and supplement indicating that the mailbox belonged to Jennings and not to Mr. Harrington, they could have withdrawn the motion. They did not do so. They did not even file a reply brief in support of their motion addressing the evidence presented by Plaintiffs. Had they withdrawn the motion at that point, it is doubtful the court would have issued the order to show cause subjecting them to the imposition of sanctions.

Instead, they filed a response to the order to show cause that referenced exactly the same inadmissible evidence that the court had found insufficient in denying the motion. It is clear from the briefing and Mr. Posin's statements at the hearing that Tackett's accusation of Dan Harrington violating the preliminary injunction was motivated by the fact that Plaintiffs had previously filed a motion requesting a status conference because they were concerned Tackett was selling the turquoise in violation of the preliminary injunction.

Insofar as Tackett and Posin argue they should not be sanctioned because Plaintiffs also filed a baseless motion accusing Tackett of violating the stipulated injunction, the Plaintiffs' conduct is distinguishable. The court agrees that the Plaintiffs' filing was also unsupported by any facts, but it merely asked the court to *set a status conference* without providing the court with any details regarding the Plaintiffs' concern about a possible violation of the stipulated preliminary injunction. After the court denied the request and advised them to come forward with specific concerns, Plaintiffs did not pursue the matter further. Tackett and Posin, on the other hand, filed a motion requesting that Plaintiffs *be held in contempt of court* and that they be

*sanctioned* without providing *any* admissible evidence. If anything, the court's denial of Plaintiffs' request for a status conference was a clear indication that a request for the court to take action against a party for violating an injunction must be supported by specific evidence. The defense acknowledged as much when it cited the standard for holding a party in contempt: clear and convincing evidence. Again, when the court advised Plaintiffs that they must support a request for such an inquiry with specific facts, they did not pursue the matter further. The defense, however, failed to withdraw their motion, even when faced with unequivocal evidence that their accusations against Dan Harrington were not true.

The foregoing demonstrates that Tackett and Posin acted recklessly when they filed the motion without completing a reasonable investigation. Then, when faced with an opportunity to withdraw the motion when they received factual confirmation that their suspicions were incorrect, they did not do so. Coupled with the fact that their response to the order to show cause merely reiterated the same inadmissible grounds for filing the motion, the court interprets their conduct in pursuing the motion as tantamount to bad faith. Therefore, the court finds that it is appropriate to levy sanctions against Tackett and Posin under the court's inherent power.

The court will now address what type of sanction is appropriate.

Inherent power sanctions may be imposed against attorneys, clients, and pro se litigants. *Aleyska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 258-59 (1975). The court's "inherent power 'extends to a full range of litigation abuses.'" *Fink*, 239 F.3d at 992 (quoting *Chambers*, 501 U.S. at 46-47). Sanctions under the court's inherent power may include: fines, awards of attorney's fees and expenses, and contempt citations. *See Shepherd v. Am. Broad. Cos.*, 62 F.3d 1469, 1472-73 (D.C. Cir. 1995 (fines); *Goodyear Tire & Rubber Co. v. Haeger*, 137 S.Ct. 1178, 1186 (2017) (attorney's fees).

"In *Chambers*, the Court left no question that a court may levy fee-based sanctions when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, delaying or disrupting litigation, or has taken actions in the litigation for an improper purpose." *Fink*, 239 F.3d at 99 (citing *Chambers*, 501 U.S. at 45-46, n. 10).)

The assessment of attorney's fees is within the court's power "even though the so-called 'American Rule' prohibits fee shifting in most cases." *Chambers*, 501 U.S. at 45, 46 (citation omitted). This serves "the dual purpose of vindicate[ing] judicial authority without resort to the more drastic sanctions available for contempt of court and mak[ing] the prevailing party whole for expenses caused by his opponent's obstinacy." *Chambers*, 501 U.S. at 46 (citation and quotation marks omitted). The court finds that it is appropriate to impose a fee-based sanction, requiring Posin and Tackett to compensate Plaintiffs for the reasonable attorney's fees and costs they incurred in connection with the baseless filing.

Despite being given an opportunity (*see* ECF No. 134), Posin and Tackett failed to file a brief addressing the request or the amount of fees and costs sought by Plaintiffs. The court has reviewed the request for fees and supporting documentation (ECF Nos. 131, 131-1, 131-2), and finds the fees and costs at the requested rates for a total of $8,033.55 to be reasonable.

### III. CONCLUSION

Within **14 days** of the date of this Order, Posin and Tackett are ordered to pay Plaintiffs $8,033.55 as a sanction under the court's inherent power.

**IT IS SO ORDERED**.

Dated: December 8, 2020

_____
William G. Cobb
United States Magistrate Judge