# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DANIEL HARRINGTON,
PAMELLA HARRINGTON,
NIGHTWATCH MARINE, LLC,

    Plaintiffs

v.

DAVID TACKETT,

    Defendant

Case No.: 3:18-cv-00028-WGC

**Order**

Re: OSC for Contempt (ECF No. 144)

The court issues this Order finding defendant David Tackett in contempt of this court's orders.

## I. BACKGROUND

In this action, Plaintiffs alleged that they entered into an agreement where defendant Tackett agreed to purchase approximately 130,000 pounds of No. 8 Mine turquoise ore from Plaintiffs for $300,000, plus future payments of $20 per pound for any of the Harringtons' turquoise ore that Tackett sold. Tackett took possession of the turquoise ore, but did not pay them the agreed upon $300,000. Instead, he only paid the Harringtons $20,000.

On September 24, 2020, the court issued an order granting Plaintiffs' motion for partial summary judgment as to the breach of contract claim and determined Plaintiffs are entitled to rescind the contract. The court ordered Tackett to make arrangements to return the turquoise ore within 30 days, while Plaintiffs were similarly obligated to return the $20,000 Tackett had paid within 30 days. (ECF No. 124.) On October 29, 2020, the court modified its order to reflect that Plaintiffs are entitled to return of the turquoise ore at Tackett's expense. (ECF No. 133.)

On October 26, 2020, Plaintiffs filed a status report indicating that their counsel, Brian Irvine, Esq., had reached out to Tackett's counsel, Mitchell Posin, Esq., and advised that they were ready to comply with the court's 30-day deadline to exchange the $20,000 payment for return of the turquoise ore. Plaintiffs' counsel asked Mr. Posin to coordinate with Tackett to schedule a time when Harrington could access and inspect the subject turquoise, and then arrange for transportation for the turquoise and return of the $20,000. While Mr. Posin said he would contact Tackett and get back to Plaintiff's counsel, he did not do so. (ECF Nos. 130, 130-1, 130-2.) The court set a video status conference via Zoom for Friday December 4, 2020. (ECF No. 132.) The court then stayed Plaintiff's obligation to return the $20,000 payment to Tackett at least pending the December 4, 2020 status conference, unless Tackett returned the turquoise ore to them before that point, in which case the obligation to return the $20,000 would be reactivated. (ECF No. 135.)

On December 3, 2020, Plaintiffs filed a supplemental status report indicating Plaintiffs' counsel continued to attempt to arrange a date and time for Plaintiff to pick up the turquoise ore in exchange for the $20,000 payment, but as of that time, had not heard back from Tackett or his counsel regarding scheduling the pick-up of the turquoise ore as ordered by the court. Plaintiffs reiterated their willingness to comply with the court's order, and asked that Tackett be held in contempt of the court's orders. (ECF Nos. 136, 136-1, 136-2.)

The court held a video status conference on December 4, 2020. Mr. Posin advised that his client had the turquoise in Flagstaff, Arizona, and was willing to exchange it in return for the $20,000 check the following week. Plaintiffs reiterated their willingness to make the exchange. The court discussed logistics of exchanging the turquoise ore and the check with the parties, and Mr. Posin represented that he would coordinate with Plaintiffs' counsel for the transportation of

the turquoise ore to take place the following week. The court ordered Mr. Posin to contact his client no later than 5:00 p.m. no Monday December 7, 2020, to arrange for the exchange of turquoise to take place next week (the week of December 7). The court explicitly cautioned Mr. Posin at that time that if his client did not follow through with the exchange of the turquoise ore, he would be in violation of the court's order and may be subject to additional sanctions, which could include imprisonment for contempt. Mr. Posin indicated his understanding. The court directed Plaintiffs' counsel to file a status report on December 8, 2020, advising whether arrangements had been made for the exchange, and to file another status report by Friday, December 11, 2020, to advise whether the exchange had been completed. (ECF No. 137.)

Plaintiffs filed a status report on December 8, 2020, indicating that they had not heard anything from Tackett or his counsel regarding scheduling the turquoise exchange. They asked the court to find Tackett in contempt of the court's order. (ECF Nos. 138, 138-1, 138-2.)

On December 8, 2020, judgment was entered in Plaintiffs' favor and against Tackett, indicating that Plaintiffs were entitled to the return of the turquoise ore at issue in this action at Tackett's expense. (ECF Nos. 140, 141.)

The court set a video status conference for Friday December 11, 2020, to address whether the parties completed the exchange of the turquoise, and ordered Tackett to attend via Zoom. (ECF No. 142.)

On December 10, 2020, Plaintiffs filed another status report. Mr. Posin emailed Plaintiff's counsel and provided the address where the ore is located; however, he did not provide a date and time for the turquoise ore to be picked up. Plaintiffs' counsel emailed Mr. Posin and advised him that Harrington would arrive at the address provided on Thursday December 10, 2020, to inspect the ore, and assuming it was in place, to arrange for trucks to arrive on

December 11, 2020, to pick up the ore. When Harrington arrived at the location to inspect the ore on December 10, 2020, Tackett would not grant him access to inspect the ore because Harrington "did not have an appointment." Plaintiffs' counsel immediately contacted Mr. Posin by telephone, and emailed Mr. Posin about the situation, as Harrington had driven from Nevada to Arizona for the sole purpose of arranging to pick up the turquoise ore. By the time they filed their status report, they had not heard back from Mr. Posin. (ECF Nos. 143, 143-1 143-2.)

The court held a video status conference on December 11, 2020. Harrington, Mr. Irvine, and Mr. Posin all appeared via Zoom; however, Tackett failed to appear as ordered. Mr. Posin indicated he did convey the hearing information to his client. At that point, Harrington was still in Flagstaff, Arizona, ready to inspect and pick up the turquoise ore. The court entered an order to show cause that Tackett explain why the sanction of contempt should not be entered against him for violation of the court's orders to facilitate return of the turquoise ore, explaining that Tackett was actively defying the court's orders when he refused to allow Harrington to inspect the ore and arrange for its transportation on December 10, 2020.

The court specifically advised Mr. Posin that civil contempt accompanied with an incarceration order allows Tackett to "carry the keys of his imprisonment in his own pocket"; in other words, he can purge the contempt if he complies with the court's order and facilitates the return of the turquoise ore. The court gave Tackett until 5:00 p.m. on December 14, 2020, to show why he should not be held in civil contempt for failing to comply with the court's orders to return the turquoise ore to Plaintiffs, and contempt may include a fine and/or imprisonment. (ECF No. 144.)

Plaintiffs filed a supplemental status report on December 11, 2020, indicating that

4

Harrington telephoned Mr. Tackett to attempt again to arrange for inspection, loading and shipment of the turquoise ore. During the call, Tackett claimed he had no idea Harrington would be in Arizona to inspect and pick up the ore at that time, and blamed his attorney for failing to communicate that to him. He also claimed that he fired his counsel that day. Harrington asked when he could come and inspect the ore and Tackett said he could do so on Sunday December 13, 2020, at 12:00 noon. When Harrington asked if he could arrange for the forklift and trucks to arrive on December 15, 2020, to load and ship the ore, Tackett said he was not available to do that until next Sunday or Monday because he could not break away from work and had to be in his store and available to customers. Tackett also told Harrington he would only be allowed to view the ore and could not load the ore onto the trucks himself, stating, for the first time, that he would only allow a "licensed and bonded" third-party company to load the ore. Tackett also told Harrington he was going to file another lawsuit against Plaintiffs in Arizona for breach of the same contract at issue in this case. (ECF Nos. 145, 145-1, 145-2[1].)

Tackett has not filed anything in response to the court's order (ECF No. 144) to show cause why he should not be held in contempt. Given Tackett's continued failure to comply with the court's orders, the court issues this Order finding Plaintiff in civil contempt.

## II. DISCUSSION

Civil contempt "consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006). For civil contempt, it must be shown by clear and convincing evidence that the party "(1) … violated the court order, (2) beyond

---

[1] ECF No. 145-2 is a notice that a conversation between Mr. Tackett and Mr. Harrington was recorded and will be filed manually with the court. The court ordered Plaintiffs to have the recording transcribed before filing it with the court. (ECF No. 146.)

substantial compliance, (3) not based on a good faith and reasonable interpretation of the order[.]" *Labor/Cmty. Strategy Ctr. v. Los Angeles Cty. Metro. Transp. Auth.*, 564 F.3d 1115, 1123 (9th Cir. 2009) (citation and quotation marks omitted). Civil contempt should not be resorted to where "there is a fair ground of doubt as to the wrongfulness of the defendant's conduct." *Taggart v. Lorenzen*, 139 S.Ct. 1795, 1801-02 (2019).

"The purpose of civil contempt is coercive or compensatory, whereas the purpose of criminal contempt is punitive." *Koninklijke Philips Elecs. N.V. v. KXD Tech., Inc.*, 539 F.3d 1039, 1042 (9th Cir. 2008) (citation omitted). The civil contemnor is said to "carr[y] the keys of his prison in his own pocket," whereas the criminal contemnor "is furnished no key, and he cannot shorten the term by promising not to repeat the offense." *Int'l Union, UMWA v. Bagwell*, 512 U.S. 821, 828-29 (1994).

A court may wield its civil contempt powers for two separate and independent purposes: (1) "to coerce the defendant into compliance with the court's order"; and (2) "to compensate the complainant for losses sustained." *United States v. UMWA*, 330 U.S. 258, 303-04 (1947).

Here, there is clear and convincing evidence that Tackett has violated the court's orders to facilitate the return of the turquoise ore, and therefore, the court finds him to be in civil contempt.

### III. CONCLUSION

Tackett is ordered to reimburse Harrington for the losses Mr. Harrington has sustained in connection with his travel to Flagstaff, Arizona to attempt to achieve return of the turquoise ore. **Plaintiffs** shall submit a notice by **12:00 noon on Friday, December 18, 2020**, documenting the expenses Mr. Harrington incurred in this regard. This may also include the expenses Mr.

Harringtons incurs in having the turquoise ore transported from Flagstaff, Arizona, back to Nevada.

In addition, **Tackett** has until **12:00 noon on Friday, December 18, 2020**, to file a notice indicating that the turquoise ore has been returned to Plaintiffs or the court will immediately order his incarceration in Flagstaff, Arizona, until he complies with the court's orders. Should Tackett be incarcerated for civil contempt of this court's orders, within seven days of his incarceration, the court will hold a hearing to evaluate his ability to purge his contempt by facilitating the return of the turquoise ore to the Plaintiffs.

To reiterate, if the court does not receive notice by noon on Friday December 18, 2020, that Tackett has complied with the court's order, the court will order the immediate issuance of a bench warrant or civil arrest warrant directing the U.S. Marshals to take Tackett into custody and hold him in custody in Flagstaff, Arizona unless and until he purges his contempt.

**Mr. Posin** shall ensure that he *immediately* serves a copy of this Order on his client via e-mail, and shall *immediately* contact his client via telephone to advise him of the contents of this Order. Mr. Posin shall file a notice that he has complied with this directive by **5:00 p.m. on Tuesday, December 15, 2020**.

**IT IS SO ORDERED**.

Dated: December 15, 2020

                                                         _William G. Cobb_
                                                         William G. Cobb
                                                         United States Magistrate Judge