UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL HARRINGTON, PAMELLA HARRINGTON, and NIGHTWATCH MARINE, LLC, <br><br> Plaintiffs <br><br> v. <br><br> DAVID TACKETT, <br><br> Defendant | Case No.: 3:18-cv-00028-WGC <br><br> **Civil Contempt Order** |

The court issues this order to impose a compensatory civil contempt sanction after finding Tackett in civil contempt of this court's order.

## I. BACKGROUND

The court found Tackett to be in civil contempt of the court's orders to return the approximately 130,000 pounds of turquoise ore that is the subject of this litigation to the Plaintiffs. The court initially considered the civil contempt sanction of coercive incarceration; however, the court subsequently determined that under Federal Rule of Civil procedure 4.1(b), the court has authority to serve and enforce an order committing a person for civil contempt in any district if the person is in civil contempt of "a decree or injunction issued to enforce *federal law*" and "[a]ny other order in a civil contempt proceeding may be served only in the state where the issuing court is located or elsewhere in the United States within 100 miles from where the order was issued." The civil contempt order was not issued to enforce *federal law,* but was issued in a diversity action involving a state law breach of contract claim; therefore, the court was limited to enforcing the arrest warrant within Nevada or within 100 miles of Reno. Tackett

resides in Flagstaff, Arizona, which is not within 100 miles of Reno. (*See* ECF Nos. 147, 175, 177, 179.)

At the October 13, 2021 hearing, the court discussed other options available to Plaintiffs, including issuing a bench warrant valid in Nevada or within 100 miles of Reno (if Tackett came to Nevada or within 100 miles of Reno), a coercive fine, or a motion to amend the judgment from rescission to damages for breach of contract. (ECF No. 182.) The court gave Plaintiffs an opportunity to advise the court of their preference.

Plaintiffs filed a notice on October 28, 2021, requesting the court impose a coercive monetary sanction against Tackett, and suggesting that the court order Tackett to pay $500 per day for each day that he continues to violate the court's orders. Plaintiffs do, however, wish to preserve their right to bring a motion to amend the judgment from rescission to damages should Tackett not purge his contempt by complying with the court's orders within a reasonable period of time. They ask that they be permitted to move to amend the judgment within one year of the date of any order imposing a coercive monetary sanction. Finally, Plaintiffs ask the court to initiate criminal contempt proceedings against Tackett under 28 U.S.C. § 636(e)(3) and Federal Rule of Criminal Procedure 42, including referral, if necessary, to the United States Attorney for possible prosecution.

In his response, Plaintiff maintains that all of the turquoise he received from Plaintiffs is contained on his property in Flagstaff, Arizona, and he remains willing to turn it over. (ECF No. 185.) The court has already determined that the turquoise ore that is currently on Plaintiff's property is not in fact that which the Plaintiffs sold him. The court will now address the issue of contempt sanctions.

## II. DISCUSSION

First, the court declines to exercise its discretion to initiate criminal contempt proceedings.

Second, insofar as Plaintiffs request the imposition of a coercive civil contempt fine, there are two types of civil contempt sanctions: coercive and compensatory. *United States v. United Mine Workers of America*, 330 U.S. 258, 303-04 (1947); *Shell Offshore Inc. v. Greenpeace, Inc.,* 815 F.3d 623, 628-30 (9th Cir. 2016); *Gen. Signal Corp v. Donallco, Inc..*, 787 F.2d 1376, 1380 (9th Cir. 1986); *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778-79 (9th Cir. 1983) (citation omitted). Compensatory sanctions are intended to compensate the aggrieved party for the injuries that resulted from the noncompliance with the court's order. "Where compensation is intended, a fine is imposed, payable to the complainant." *United Mine Workers*, 330 U.S. at 304. "Such fine must of course be based upon evidence of complainant's actual loss, and his right, as a civil litigant, to the compensatory fine is dependent upon the outcome of the basic controversy." *Id*.

Coercive civil sanctions, in contrast, are intended "to coerce the defendant into compliance with the court's order[.]" *Shell*, 815 F.3d at 629. One type of civil contempt coercive sanction, as Plaintiffs note, is a per diem fine imposed for each day a contemnor fails to comply with a court order. A coercive civil fine, however, is payable to the **court**, and not the opposing party. *See Gen. Signal*, 787 F.2d at 1380 (citing *Winner Corp. v. H.A. Caesar & Co.,* 511 F.2d 1010, 1015 96th Cir. 1975); *see also RG Abrams Ins. V. Law Offices of C.R. Abrams*, 2:21-cv-00194-FLA-MAAx, 2021 WL 5213103, at *9 (C.D. Cal. Nov. 9, 2021).

Given Tackett's steadfast maintenance that the ore in his possession is that which the Plaintiffs' sold him, as well as his failure to pay other sanctions ordered by the court, the court is

not convinced that a per diem fine payable to the court would have the desired coercive effect. Moreover, since the coercive fine is payable to the court, and Tackett is unlikely to comply, the court does not see a benefit to Plaintiffs or the court if the court were to proceed in this fashion.

Instead of a civil coercive fine payable to the court, a court may award the aggrieved party the attorney's fees and costs incurred in obtaining the finding of contempt as a compensatory contempt sanction. *See Donovan v. Burlington N.*, 781 F.2d 680, 684 (9th Cir. 1986) (quoting *Perry v. O'Donnell*, 759 F.2d 702, 705 (9th Cir. 1985) recognizing "the cost of bringing the violation to the attention of the court is part of the damages suffered by the prevailing party").

The court exercises its discretion to impose a civil compensatory sanction in the form of an award of Plaintiff's fees and costs incurred in obtaining the finding of contempt and attendant proceedings that have not already been awarded as a remedial measure in an effort to compensate Plaintiffs for at least part of the injuries that have resulted from Tackett's failure to comply with the court's orders to return the turquoise ore. Plaintiffs have 30 days to file a memorandum of their fees and expenses incurred in obtaining the contempt finding and these attendant proceedings that have not been previously awarded. Tackett will then have 15 days to file a response regarding the amount or necessity of the fees/costs incurred.

In addition, Plaintiffs also have 60 days to file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 60(b) to seek damages instead of rescission.

### III. CONCLUSION

The court imposes against Tackett the civil contempt sanction of a compensatory award of fees and costs incurred by Plaintiffs in obtaining the contempt finding and the attendant proceedings that have not already been awarded.

Plaintiffs have **30 days** from the date of this Order to submit a memorandum of fees and costs so incurred.

Tackett will then have **15 days** to file a response regarding the amount or necessity of the fees/costs incurred.

Plaintiffs have **60 days** from the date of this Order to file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 60(b) to seek damages instead of rescission.

**IT IS SO ORDERED**.

Dated: January 10, 2022

_____
William G. Cobb
United States Magistrate Judge